UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION, | )<br>) Docket No. 1:19-cv-233-NT<br>) |
| Plaintiff, | ) Re: 42 Maple Street,<br>)      Brewer, ME 04412 |
| v. | )<br>) Mortgage: July 12, 2017 |
| ROLAND D. CURTIS, JR., | ) Penobscot County Registry of Deeds<br>) Book 14543, Page 72 |
| Defendant. | ) |

## ORDER ON PLAINTIFF'S MOTION FOR
## DEFAULT JUDGMENT OF FORECLOSURE

Plaintiff Freedom Mortgage Corporation ("**Freedom**") seeks to foreclose on real property owned by Roland D. Curtis, Jr. and located at 42 Maple Street, Brewer Maine. Before me is Freedom's motion for default judgment (ECF No. 39). After considering the evidence, I **GRANT** Freedom's motion for default judgment on Count I (Foreclosure).

### PROCEDURAL BACKGROUND

On May 23, 2019, Freedom commenced this action seeking a judgment of foreclosure and sale under Maine's statutory foreclosure law, 14 M.R.S. § 6321 et seq. Compl. (ECF No. 1). Defendant Curtis did not file a responsive pleading in this matter and was defaulted on August 28, 2019 (ECF No. 7). On November 1, 2019, Freedom filed a motion for default judgment (ECF No. 10), and I held a hearing on the motion on January 15, 2020 (ECF No. 19). Defaulted Defendant Curtis was mailed notice (ECF No. 18) but did not appear at the hearing. At the January hearing, Freedom

introduced witness testimony and documentary evidence in support of its motion for default judgment on the foreclosure count. Ct. Witness List (ECF No. 20); Ct. Ex. List (ECF No. 21).

Then the COVID-19 pandemic intervened. Due to the pandemic and resulting federal and state government-imposed moratoria on foreclosures and evictions, the case was stayed, on motions of the Plaintiff, from October 6, 2020 through August 31, 2021. *See* ECF Nos. 25–34. On two occasions, Freedom requested that the Court enter judgment for Freedom following expiration of the stay. Mot. to Stay until Jan. 4, 2021 and for J. to Enter (ECF No. 25); Mot. to Stay and Mot. for J. to Enter (ECF No. 27). In my December 30, 2020 order extending the stay, I denied Freedom's then-pending motions for default judgment (ECF Nos. 25 & 27) without prejudice and noted that Freedom would be free to refile its motion following expiration of the stay. Order on Mot. to Stay and Order on Mots. for Default J. (ECF No. 28). On October 7, 2021, Freedom filed its renewed Motion for Default Judgment (ECF No. 39) and requested a hearing on the assessment of damages. The requested hearing was held on November 29, 2021 (ECF No. 46). Mr. Curtis was mailed notice of the hearing (ECF No. 45) but did not attend. At the November hearing, Freedom introduced documentary evidence and witness testimony in support of its motion for default judgment on the foreclosure count. Ct. Ex. List (ECF No. 47); Ct. Witness List (ECF No. 48). Freedom also orally moved at the hearing for Counts II–V to be dismissed upon my granting Freedom's motion for default judgment on the foreclosure count.

## FACTUAL FINDINGS

Based on the evidence presented at the hearing, I make the following findings and conclusions:

- This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1).

- On July 12, 2017, Roland D. Curtis executed a promissory note ("**Note**") promising to pay $110,101.00 plus interest to Guaranteed Rate, Inc. on a thirty-year repayment schedule at a 4.375% interest rate. Hr'g Ex. 1.

- On July 12, 2017, Mr. Curtis executed a mortgage to Guaranteed Rate, Inc., mortgaging the property that Curtis acquired at 42 Maple Street, Brewer, ME ("**Brewer property**") as security for the Note ("**Mortgage**"). Hr'g Ex. 2.

- An Endorsement Allonge to the Note transferred the Note to Freedom. Note Allonge, Hr'g Ex. 1.

- On August 1, 2018, Mortgage Electronic Registration Systems, Inc. ("**MERS**"), which was designated as the mortgagee in the Mortgage solely as nominee for Freedom, assigned its interest in the Mortgage to Freedom. Hr'g Ex. 3.

- On January 17, 2019, Guaranteed Rate, Inc. executed a Quitclaim Assignment of Mortgage to Freedom. Hr'g Ex. 4.

- Mr. Curtis defaulted on the Note by breaching the terms of the Note, including failing to make monthly payments due under the Note. On March 5, 2019, Freedom sent a notice of default and right to cure to Mr. Curtis in accordance with 14 M.R.S. § 6111. Hr'g Ex. 5.

- The Complaint in this action properly identifies the Brewer property by street address and the book and page number of the Mortgage, and the Complaint was timely recorded in the Penobscot County Registry of Deeds. Hr'g Ex. 8.

- Defendant Curtis received notice of this action. *See* Proof of Service (ECF No. 5). Mr. Curtis defaulted. Order (ECF No. 7).

- Mr. Curtis is not in military service. Hr'g Ex. 7.

- There are no public utility easements held by a party-in-interest that survive the proceedings.

- As of November 29, 2021, Mr. Curtis owes Freedom $151,251.09 on the Note, plus additional interest accruing at a prejudgment interest rate of 4.375% per

3

annum, *see* 14 M.R.S.A. § 1602-B; Note, and a post-judgment interest rate as permitted under federal law, *see* 28 U.S.C. § 1961. Hr'g Ex. 6.

| Principal Balance | $109,051.42 |
|---|---|
| Accrued Interest | 17,859.51 |
| Late Fees | 703.36 |
| Escrow Advances | 15,300.11 |
| Expenses | 7,696.17 |
| Other Fees | 640.52 |
| **Total** | **$151,251.09** |

## CONCLUSION

Freedom's motion for default judgment on Count I is **GRANTED**. Accordingly, Freedom's oral motion to dismiss the remaining counts is also granted and Counts II–V are **DISMISSED**. Judgment of Foreclosure and Sale will issue separately.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 2nd day of December, 2021.

4